RECORD NO.: 23-2135

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

KENNETH FITCH, PHYLIS REINARD, DEBORAH HEIM
MARY FRYE, ALAN RIVKIN, HOWARD KILIAN,
And all individuals similarly situated

*Plaintiff - Appellants,*

v.

STATE OF MARYLAND, GOVERNOR LARRY HOGAN,
SECRETARY DAVID BRINKLEY,

*Defendant-Appellees.*

On Appeal from the U.S. District Court for the District of Maryland
(Civil Action No.: 18-cv-02817-PJM)

## REPLY BRIEF OF APPELLANT

**SUBMITTED BY:**
Deborah A. Holloway Hill
Law Office of
Deborah Hill, LLC
P.O. Box 465
Cockeysville, MD 21030
(410) 428-7278
dahhlaw@outlook.com

*Attorney for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ............................................................................................................1

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page**

*AFSCME v. State*, 61 F.4th 143 (2023) ............................................... Passim

*Andrews v. Anne Arundel County, MD* 931 F. Supp 1255 (D. Md. 1996) ...... 2

*Allstate v. Kim*, 829 A.2d (2003)................................................................. 5

*Baker v. Baltimore County*, 487 F. Sup 461(Dist. Md. 1980) .................... 2

*City of Frederick v. Quinn*, 35 Md. App (1977) ......................................... 7

*Dahl v. Brunswick*, 277 Md. 471, 356 A.2d 221 (1976) ............................ 7

*Fitch v. Maryland*, 24-18-005077 ....................................................... Passim

*Gardner v. State*, 420 Md. 1, 9, 20 A.3d 801 (2011) .................................. 3

*Koste v. Town of Oxford*, 63 A.3d 582 (Md. App. 2013)............................ 2

*Lockshin v. Semsker*, 412 Md 256 (Md. 2010) ........................................... 3

*Staggs v. Blue Cross Maryland*, 61 Md App. 381, 486 A.2d 798 (1985) …......... 6

*State v. Johnson*, 415 Md. 413. 2 A.3d 368 (2010) ….....…………………… 3

**Statutes**

2011 Md. Laws ch. 397 ................................................................................... 6
2018 Md. Laws ch. 10 ..................................................................................... 7

Md. Code Ann. State Personnel & Pensions § 101, *et seq.* ............................. 4
Md. Code Ann. State Personnel & Pensions § 2-502.1 ................................... 4
Md. Code Ann. State Personnel & Pensions § 2-508 …………………… *Passim*
Md. Code Ann. State Personnel & Pensions § 2-509.1(2005) ………….. *Passim*

**Other Authorities**

COMAR 17.13.05.(c)(1) ........................................................................ 4

# ARGUMENT

The Defendants contend that the case of Fitch v. Maryland presents the same issues as the case of AFSCME v. Maryland, 61 F. (4th Cir. 2023) and even opines, "indeed for all intents and purposes, this is the same case." Appellees Br. 1. For the reasons stated below the State's assertions have highlighted why the AFSCME decision is not dispositive of Fitch v. Maryland case and underscores the error made by the District Court in granting summary judgment to the State of Maryland, the Governor and the Secretary of the Department of Budget and Management ("the State"). Hence this appeal.

During the tenure of employment with the State of Maryland, all Plaintiffs were granted certain benefits appurtenant to their status as State of Maryland employees and as a part of their overall compensation for employment. One such benefit is a health benefit that included a State Subsidy that reduces the cost of prescription drug coverage during retirement to retirees 65 and older and/or disabled. The terms to qualify for that subsidy can be found in SPP §2-508.

The AFSCME decision restricted their analysis to, "whether the versions of SPP §§ 2-508 and 2-509.1 in effect between 2004 and 2011 create a contractual right to state-subsidized prescription drug benefits in retirement." AFSCME 61 at 149. The Fitch Retirees have argued throughout this case that in general, a statute is itself

1

treated as a contract when the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the State. JA 0063, 6; JS0470,10; <u>Andrews v. Anne Arundel County, Md.</u>, 931 F. Supp. 1255, 1260 (D. Md. 1996). Although the Fourth Circuit acknowledges that the question is "one primarily of state law and "we accord respectful consideration and great weight to the views of the State's highest court" the Fourth Circuit continued its analysis with the assist and guidance of federal law only. <u>AFSCME</u> 61 at 149 *(citations omitted)*. In fact, the AFSCME Court used federal law to state, "we are bound to decide for ourselves whether a contract was made" and "what are the terms and conditions" of the contract. *Id.* As a result, the AFSCME decision did not address the additional considerations articulated in Maryland law to determine legislative intent nor give deference to Maryland's right to determine whether a contract right exists in its State. <u>See</u> <u>Baker v. Baltimore County, Md.</u>, 487 F. Supp. 461 (D. Md 1980) aff'd, 660 F.2d 488 (4th Cir.1981).

In determining whether a statutory contract was created, Maryland law looks to the plain meaning of the statute viewing it within the statutory scheme to which it belongs while considering the purpose, aim or policy of the Legislature in enacting the statute. <u>Constantine Koste v. Town of Oxford</u>, 63 A.3d 582, 589-590 (2013). Maryland law presumes that the Legislature, "intends its enactments to operate together as a consistent and harmonious body of law", and thus the Courts seek to

2

"reconcile and harmonize the parts of the statute, to the extent possible consistent with the statute's object and scope." Lockshin v. Semsker, 412 Md. 257, 275-76, 987 A.2d 18, 29 (2010) The additional considerations articulated in Maryland law afford Maryland citizens opportunities to overcome the presumption articulated by the Fourth Circuit, when "… the words of a statute are ambiguous and subject to more than one reasonable interpretation, or where the words are clear and unambiguous when viewed in isolation, but become ambiguous when read as part of a larger statutory scheme, a court must resolve the ambiguity by searching for legislative intent in other indicia, including the history of the legislation or other relevant sources intrinsic and extrinsic to the legislative process. See Gardner v. State, 420 Md. 1, 9, 20 A.3d 801 (2011) (quoting State v. Johnson, 415 Md. 413, 421-22, 2 A.3d 368 (2010)).  When only federal law is applied to a case whose outcome is determined by State law, it undermines State judicial authority.

As argued in the District Court by the Fitch Retirees, the State of Maryland codified the retirement benefits afforded to its retirees in SPP §101 *et. seq.* These codified benefits originally included, amongst other things, eligibility for a health insurance benefit that expressly includes a prescription drug coverage plan. SPP §§ 2-502.1 and 2-508; COMAR 17.13.05(c)(1). JA0028, Pg.9.  In direct response to the Federal Medicare Prescription Drug and Modernization Act of 2003, the Maryland General Assembly reaffirmed its pre-existing contractual relationship with the Fitch

3

Retirees by codifying the legislature's intent for the Health Insurance benefits option to continue the inclusion of the State Subsidy for prescription drug coverage in 2005. SPP § 2-5209.1. Therefore, the Fitch Retirees did not argue that those two statutes created a contract as argued by the AFSCME Intervenors and restated by the Fourth Circuit; the Fitch Retirees argued that SPP §§ 2-502.1 and 2-508; COMAR 17.13.05(c)(1) created the contract and SPP 2-509.1 *affirmed* that contract when enacted. The distinction is subtle; however, the Fourth Circuit's analysis and the District Court's dismissal must note this nuance and adequately address this difference in order for the AFSCME decision to be dispositive to Fitch v. Maryland.

The AFSCME appeal was brought by a union on behalf of current employees who argued that a bilateral contract was created by §§ 2-508 and 2-509.1. even though the State Subsidy had already been eliminated before AFSCME (the union) intervened.[1] After dismissal from the Fitch v. Maryland case and even after the AFSCME Intervenor appeal dismissal, current employees still had the option of terminating and finding alternative employment avenues to obtain this benefit. According to the Fourth Circuit the AFSCME Intervenors whether the contract identified in the December 30, 2021 order was an enforceable contract that left active

---

[1] 2011 Md Laws Ch. 397 discontinued the State Subsidy that provided prescription drug coverage in fiscal year 2019, later amended by 2018 Md. Laws Ch. 10. To discontinue on January 1, 2019. AFSCME Council 3 moved to intervene on November 1, 2019. JA0014.

4

employees with no vested rights. However, the Fitch Retires who had at least five years of credible service prior to July 1, 2011, and were retired *prior* to the State Subsidy's elimination were arguing that the retroactive nature of the elimination of a vested property right was a violation of State law and that the State as Defendants were precluded from denying access to the benefit to recipients who were receiving the benefit when it was eliminated. Allstate v. Kim, 376 Md. 276, 829 A.2d 611 (2003)(… a statute will be given retroactive effect if that is the legislative intent; but…even if intended to apply retroactively, a statute will not be given that effect if it would impair vested rights…). AFSCME on behalf of current employees are not in a position to make a vesting or taking argument since retirement was a condition precedent for receipt of the State Subsidy.

And most importantly, the Fitch Retirees were arguing that a unilateral contract was formed based on an offer as outlined by the aforementioned statutes and fulfilled by their performance. The disparate impact of the State Subsidy elimination and dissimilar arguments of each set of Appellants cannot be understated nor ignored. It was error for the District Court to do so.

In the December 30, 2021, decision by the District Court all these issues were presented in the pleadings filed and the arguments made by the parties. The District Court agreed with the Fitch Retirees and acknowledged the existence of a unilateral contract while giving deference to State law in analyzing its statutory creation. The

5

District Court found that current employees never fulfilled the condition precedent necessary to vest in the benefit, i.e., they were not retired. JA0332, 16. Since SPP § 2-508 expressly limits entitlement to the prescription drug benefits to retirees, any argument presented about the statutes by the AFSCME Intervenors would be markedly different from those of the Fitch Retirees and since it was the Fourth Circuit ruling in AFSCME that was critical to the reversal of the District Court decision it needed to be addressed. The District Court acknowledged the importance of this ruling, "[t]o repeat, the Fourth Circuit ruled that the 2004 General Assembly did not form a contract with State employees…" and the Fourth Circuit ruling "… disposes of Plaintiffs original claims." JA0332, 3. As a result, the District Court erred in its application of the AFSCME decision by applying dissimilar facts to the arguments presented by the AFSCME Intervenors.

In the AFSCME decision, the Fourth Circuit concluded that a bilateral contract was not created by §§ 2-508 and 2-509.1 since the type of contract under consideration relied on words "such as contract, covenant, or bind." AFSCME, 61 at 150. However, the information presented by the Fitch Retirees to the District Court supported the contention that a unilateral contract was created, eradicating the necessity of bilateral contractual language making it necessary for the Fourth Circuit and the District Court to analyze whether a unilateral contract was created as presented by the Fitch Retirees. JA0063, pg. 394.

6

It is noteworthy that Maryland Courts have already found that employers can create a unilateral contract with its employees. Maryland Courts supported the contention that an employer created a unilateral contract with its employee by making a detailed offer in an employee handbook that could be accepted by performance. See <u>Staggs v. Blue Cross Maryland</u>, 61 Md. App 381, 486 A.2d 798 (1985)(… depending on the type of provision sought to be enforced and the theory pled by the employee, most of the more recent decisions seem to reflect the view that such unilateral pronouncements by an employer may create legally enforceable expectations on the part of its employee). Maryland Courts have found that employers can create unilateral contracts through written policy. See <u>Dahl v. Brunswick</u>, 277 Md. 471, 356 A.2d 221 (1976) (Employee severance pay constituted an offer of unilateral contract which employees were aware of and by continuing to work for Brunswick, accepted.) Along that vein, it is not inconceivable that the State in its role as employer, can offer a unilateral contract through statutes if the requirements are specific enough to create an offer. The offer is readily identifiable in SPP §2-508. A minimum of five service years before July 1, 2011, were needed to receive a portion of the State subsidy and sixteen or more service years to receive the full State subsidy for prescription drug coverage, the offer to employees was clear. <u>See</u> SPP § 2-508. In exchange for continued employment and subsequent retirement, the Fitch Retirees would receive a health benefit that includes

7

prescription drug coverage which was subsidized to reduce costs and promote affordability.

Each of the Fitch Retirees fulfilled those requirements by staying with the State of Maryland and forgoing other job opportunities in reliance of receipt of this benefit during retirement. See JA0084; JA0086; JA0096. Upon fulfillment of the offer, the Fitch Retirees rights to the subsidy became vested since Maryland Courts have explicitly rejected the gratuity approach as absurd. See City of Frederick v. Quinn, 35 Md. App. 626 (1977) where the Fitch Retirees assert an analogous argument regarding retiree eligibility for the State Subsidy. In applying Quinn the terms, types and level of benefits owed to a vested employee are dictated by the terms and status of the policy at the time that the Fitch Retirees completed the requisite for qualifications and vested in the benefit. This benefit has the distinction of having a separate vesting criteria from pension benefits. SPP §2-508(2). As a result, the Fitch Retirees earned a property right in the State Subsidy that cannot be taken retroactively and unilaterally by the State. The circumstance and its resulting argument of the Fitch Retirees cannot be likened to the contention of the AFSCME Intervenors and consequently the AFSCME decision cannot be dispositive of the Fitch v. Maryland case.

8

## CONCLUSION

For the foregoing reasons, Fitch Retirees request the case be remanded back to the District Court and reverse the Final Order granting summary judgment to the State.

/s/_____
Deborah. Holloway Hill
P.O. Box 465
Cockeysville, MD 21030
O: (410) 428-7278
F: (866) 499-6906
dahhlaw@outlook.com

*Attorneys for the Appellants*

## REQUEST FOR ORAL ARGUMENT

The Fitch Retirees requests oral argument in this case due to the complexities of both the legal and factual issues involved which could significantly aid the decisional process in this case.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)7(B) because the brief contains 2208 words excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii). This brief complies with the typeface requirements of 32(a)(5) and the type style requirements of Rule 32(a)(6). Because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman Font.

/s/_____
Deborah A. Holloway Hill

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/USDC-ECF system. All participants are registered CM/USDC-ECF users and will the served by the CM/USDC-ECF system.

_____/s/_____
Deborah Holloway Hill

10